**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATPAL SINGH CHAWLA; JASBIR KAUR; INDERPREY SINGH CHAWLA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-77410 <br><br> Agency Nos. A077-427-104 <br> A077-427-105 <br> A077-427-108 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2010
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Satpal Singh Chawla ("Chawla"), his wife Jasbir Kaur, and his son

Inderpreet Singh Chawla (collectively "Petitioners") petition for review of the

Board of Immigration Appeals' ("BIA") denial of their motion to reopen. Our

jurisdiction is controlled by 8 U.S.C. § 1252. We review the denial of a motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reopen for abuse of discretion.  Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir. 2002).  We deny in part and dismiss in part the petition for review.[1]

Petitioners argue that an immigration judge violated their rights to due process by failing to adequately inform them of their appeal rights.  Because Petitioners argued this issue to the BIA in their motion to reopen, their "due process challenge" is properly characterized as a challenge to the BIA's denial of their motion to reopen.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen because Petitioners failed to show that the evidence they submitted in support of their motion to reopen was previously unavailable.  See 8 C.F.R. § 1003.2(c)(1) (requiring that evidence in support of a motion to reopen be material and previously unavailable).

Petitioners also argue that they were denied due process because Chawla was provided with a biased immigration judge and because of a faulty transcript.  Because Petitioners failed to raise these procedural due process challenges before the BIA, they are not exhausted, and we lack jurisdiction to review them.  See

---

[1] In Chawla v. Holder, No. 05-74823, Petitioners petition for review of the BIA's decision affirming an immigration judge's denial of Chawla's applications for asylum, withholding of removal, and Convention Against Torture relief.  We address that petition in a separate, published opinion filed concurrently with this memorandum disposition.

<u>Barron v. Ashcroft</u>, 358 F.3d 674, 676–78 (9th Cir. 2004) (holding that a due

process challenge must be exhausted when it involves a procedural error).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**